695 A.2d 401

**In the Matter of Adam O. RENFROE, Jr.**

Supreme Court of Pennsylvania.

Argued Dec. 9, 1996.

Decided May 20, 1997.

Anthony P. Sodroski, Philadelphia, for Disciplinary Counsel.

Jeffrey Philip Paul, Pottsville, for Respondent.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

The issue in this disciplinary case is whether Respondent Renfroe should be disbarred, and if so, whether the sanction of disbarment should be retroactive.

On June 12, 1986 Renfroe was convicted by a jury in the United States District Court for the District of Delaware of bribery of a witness, former 18 U.S.C. § 201(d) and obstructing the administration of justice, 18 U.S.C. § 1503. He was sentenced to a term of imprisonment of five years followed by three years probation and the requirement of drug testing and remaining free of drugs. This Court placed him on temporary suspension by order of August 28, 1986. On appeal, Renfroe argued, inter alia, that he had not been competent to be tried and sentenced because of his drug addiction. The Third Circuit Court of Appeals remanded the case to the district court to determine whether a retrospective determination of competency were possible.

The district court found that the government had not met its burden of proof that Renfroe was competent at the time of trial and sentencing to consult with his counsel, and reversed the conviction. 745 F.Supp. 203 (D.Del.1990).

This court then reinstated Renfroe, as was required by former Pa.R.D.E. 214(h), which required that a temporarily suspended attorney shall be reinstated immediately upon the filing of a certificate that the underlying conviction has been reversed.

Renfroe was then retried in federal court on the same charges. On April 17, 1992, a jury convicted Renfroe of bribery of a witness and acquitted him of obstructing the administration of justice. On November 22, 1993, he was sentenced to a suspended sentence of five years imprisonment.

On February 23, 1994, this court again placed Renfroe on temporary suspension. Petitions requesting reconsideration or modification of the suspension order were filed and denied, and this court directed that the proceedings be expedited. On March 30, 1994 the Office of Disciplinary Counsel filed a petition for discipline. Prehearing conferences were held on April 21 and June 1, 1994, and hearings were conducted on November 3 and 18, 1994, and February 9 and April 25, 1995.

Evidence at the disciplinary hearings established that Renfroe used illegal drugs from the time he was in college until 1988. This included a period of time when he was employed by the Philadelphia District Attorney's office and later, when he was in private practice. At times, his drug use was such that he was unable to function, and at times, because of his cocaine addiction, his mind was disordered by paranoid thoughts and belief that he was in control when he was not. One expert testified that Renfroe's long term and "severe" drug addiction caused his professional misconduct and criminal behavior. When Renfroe was released from custody in 1988, he used cocaine once and marijuana an unstated number of times. He then entered an in-patient drug rehabilitation program in Florida and claims to have been drug-free since then. Numerous witnesses testified as to Renfroe's recovery efforts, and stated that he has changed. The majority of the board found that Renfroe believes that his illegal conduct was absolutely wrong and regrets doing it. Finding 44. The hearing board, however, found that "Respondent Renfroe does not show remorse." Finding 31.

The hearing committee filed its report and recommendation on December 27, 1995, unanimously recommending disbarment and permission to apply for reinstatement at a time which takes into account his period of suspension. The committee found that Renfroe's criminal conduct was caused in

substantial part, but not entirely, by his drug addiction and mental disorder. The committee noted that Renfroe had been temporarily suspended for more than six years.

The Office of Disciplinary Counsel filed a brief on exceptions to the board, arguing that neither the law nor the facts warranted mitigating disbarment by retroactive imposition of the penalty.

On June 14, 1996, the Board filed its report and recommendations. A majority recommended disbarment, but with permission to apply for immediate reinstatement. Three board members dissented, concurring in the recommendation of disbarment, but recommending that the sanction be retroactive to February 23, 1994, which would foreclose immediate application for reinstatement. The dissenters concluded that it would be inappropriate to impose disbarment retroactive to 1986, when the first temporary suspension order was entered, because Renfroe had abused drugs after that order was entered, but he had attempted to rehabilitate himself following the 1994 order. The main difference between the board and the hearing committee was that the board viewed Renfroe's drug addiction, which substantially contributed to his criminal and unethical conduct, as "not a matter of choice", Slip Op. at 15, whereas the hearing committee regarded the illegal conduct as partially volitional and partially caused by drug addiction.

The Office of Disciplinary Counsel differs from both the majority and the dissenters on the board. Disciplinary counsel agrees that Renfroe should be disbarred, but argues that the sanction should be prospective only. In support of this argument, he cites the three litigated disciplinary matters involving bribery with the intent of influencing the outcome of a judicial proceeding, *In re Anonymous No. 67 DB 82*, 4 D & C 4th 586 (1989), *In Re Anonymous No. 25 D.B. 88*, 18 D & C 4th 204 (1992), and *In Re Anonymous No. 83, DB 88*, 19 D & C 4th, 554 (1993). In these cases, all involving bribery, this court entered orders disbarring the offending attorneys without reference to previous orders of temporary suspension. In the first case, the respondent had been suspended for 48

months; in the second, for 54 months; and in the third, for 64 months. In the first two cases, this court affirmed the unanimous recommendations of prospective disbarment made by the boards; in the third, the board recommended retroactive disbarment. This court, however, rejected the board's recommendation and imposed prospective disbarment, notwithstanding that respondent had a long legal career of almost 50 years and was being treated for cancer.

Renfroe, on the other hand, argues that the appropriate sanction is a five year suspension, retroactive to August 28, 1986, with permission to immediately petition for reinstatement. The gist of Renfroe's argument is that his cocaine addiction and resulting mental illness caused him to behave unprofessionally and criminally and that the addiction and mental disorder are mitigating circumstances which require that a suspension rather than disbarment be imposed.

We first address the question of whether the appropriate sanction is suspension or disbarment. The essential difference between suspension and disbarment is that although both sanctions involve the withdrawal of the privilege of practicing law, an attorney who is suspended may resume practice at the end of the period of suspension upon demonstration of his fitness to practice, whereas an attorney who is disbarred may not apply for readmission to the bar for a period of five years, and in disbarment,

> there is no basis for an expectation by the disbarred attorney of the right to resume practice at some future point in time. When reinstatement is sought by the disbarred attorney, the threshold question must be whether the magnitude of the breach of trust would permit the resumption of practice without a detrimental effect upon "the integrity and standing of the bar or the administration of justice nor subversive of the public interest."

*Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 579, 506 A.2d 872, 875 (1986).

█ We are mindful that

[d]isbarment is an extreme sanction which must be imposed only in the most egregious cases.... As noted in *Johnson Disbarment Case*, 421 Pa. 342, 219 A.2d 593 (1966):

It is the duty of the courts to maintain the integrity of the Bar and to see that courts and its members "do not fall into disrepute with the general public through the unprofessional or fraudulent conduct" of attorneys.... "The power of a court to disbar an attorney should be exercised with great caution, but there should be no hesitation in exercising it when it clearly appears that it is demanded for the protection of the public."

*Keller*, 509 Pa. at 586–87, 506 A.2d at 879.

We have no difficulty in agreeing with the board that the present case requires disbarment. When an attorney attempts to bribe a witness or a court official for the purpose of affecting the outcome of a judicial proceeding, he has stricken at the heart of the judicial system itself. Fair adjudication is predicated upon the ability of courts to arrive at the truth. It is further predicated upon the confidence that courts will make their decisions based on that truth. If instead, courts are foreclosed from arriving at the truth because attorneys subvert the truth determining process, then justice cannot be administered. Instead, the truth determining process becomes a contest between bidders for corrupt testimony. That Renfroe could attempt to corrupt the system which sustained him and then argue that he should not be disbarred strains credulity.

The remaining question is whether his disbarment should be retroactive or prospective, and if retroactive, to what date. The board's recommendation for permission to petition for immediate reinstatement is based on the following:

(1) as a result of his first conviction, Respondent was imprisoned from August 5, 1986 to December 21, 1987; (2) competent and credible medical evidence was submitted asserting that Respondent's misconduct and criminal behavior was specifically caused by his addiction to cocaine and that such behavior was a product of cocaine dependence and

intoxication; (3) Respondent has now been suspended for more than six (6) of the last ten (10) years and, except for a brief relapse, has been drug free for nine years and six months; (4) Respondent has no prior record of discipline from the time of his admission to practice law in Pennsylvania on November 19, 1973.

Slip Op. at 13–14. Disciplinary counsel's argument that the sanction should be prospective is based on the view that Renfroe's drug use was voluntary; that there is no automatic right to have serious conduct mitigated; and even if there were, Renfroe's testimony argues for prospective rather than retroactive application, for the nature of his misconduct was egregious, for personal gain, and affiliated with a long term use of illegal drugs. Finally, disciplinary counsel agrees with the hearing committee that Renfroe shows no remorse.

 As the board noted, it is appropriate to "consider the events which surround the criminal charge in order to 'weigh the impact' of the conviction upon the measure of discipline." Slip Op. at 12, citing *Office of the Disciplinary Counsel v. Eilberg*, 497 Pa. 388, 441 A.2d 1193 (1982). Further, although we are not bound by the findings of the hearing committee or the board, and although our review of disciplinary matters is de novo, we, nonetheless, "accord substantial deference to the findings and recommendations of the Board." *Disciplinary Counsel v. Costigan*, 526 Pa. 16, 20, 584 A.2d 296, 298 (1990). In this case, we accept the board's conclusion that Renfroe's drug addiction was largely responsible for his unethical and illegal conduct and that at least since February 23, 1994, he has been free of the addiction which substantially contributed to this behavior. Accordingly, it is appropriate to impose disbarment retroactively to February 23, 1994.

We agree and accept the recommendation of the Disciplinary Board that Adam O. Renfroe, Jr. be disbarred from the practice of law in any court subject to our supervision. He is disbarred retroactive to February 23, 1994. It is further ordered that he shall comply with the provision of Pa. R.D.E. 217 and that he shall pay costs, if any, to the board pursuant to Pa.R.D.E. 208(g).

CASTILLE, J., did not participate in the consideration or decision of this case.