888 A.2d 753

**In the Matter of Julius C. MELOGRANE.**

Supreme Court of Pennsylvania.

Argued Sept. 14, 2005.

Decided Dec. 28, 2005.

Samuel Frank Napoli, Pittsburgh, for Office of Disciplinary Counsel.

Thomas R. Ceraso, New Kensington, for Julius C. Melograne.

## *OPINION*

Justice NEWMAN.

Petitioner, Office of Disciplinary Counsel (ODC) requests that this Court disbar Respondent, Julius C. Melograne (Melograne), contrary to the recommendation of the majority of the Disciplinary Board, which would impose a suspension for a period of five years. For the reasons set forth herein, we order the disbarment of Melograne.

### *Facts and Procedural History*

Melograne was admitted to the bar in 1969 and began serving as the district justice for the Magisterial District 05–2–17 on January 5, 1970. He served in that capacity until August 16, 1993, when he was placed on inactive status, with pay, pending disposition of federal criminal charges against him. On January 22, 1996, following a jury trial, Melograne was convicted of conspiracy to commit mail fraud and conspiracy to violate civil rights in the United States District Court for the Western District of Pennsylvania. The convictions were based on Melograne's participation in a conspiracy with two employees of the Court of Common Pleas of Allegheny County to bring about unfavorable rulings for two individuals in their statutory appeals. As a result of his actions, one individual was found guilty of driving while under suspension, and another was found guilty of violating a township driveway ordinance. Melograne resigned his office the day of his conviction. On April 15, 1996, he was sentenced to incarceration for a period of thirty-three months followed by two years of supervised probation. On May 26, 1998, the United States Court of Appeals for the Third Circuit reversed Melograne's conviction for conspiracy to commit mail fraud and affirmed his conviction for conspiracy to violate civil rights. On remand for resentencing, the District Court sentenced him to twenty-seven months of incarceration followed by two years of supervised release. He completed the two years of supervised release on August 30, 2003.

Following Melograne's conviction, on August 10, 1999, the Judicial Conduct Board filed a Complaint against him. By

Order dated September 29, 2000, the Court of Judicial Discipline removed Melograne from office and declared that he was ineligible to hold judicial office in the future. The Court of Judicial Discipline also disbarred Melograne. On appeal, we held, *inter alia*, that only this Court has the authority to disbar an attorney. Accordingly, on December 18, 2002, we vacated the portion of the Order of the Court of Judicial Discipline that disbarred Melograne. We affirmed the Order of the Court of Judicial Discipline in all other respects. *In re Melograne*, 571 Pa. 490, 812 A.2d 1164 (2002).

By Order dated May 6, 2003, we placed Melograne on temporary suspension and referred the matter to the Disciplinary Board. ODC filed a Petition for Discipline on May 28, 2003, and a three-member Hearing Committee held a hearing on November 7, 2003. On May 25, 2004, the Hearing Committee filed a Report recommending Melograne be suspended from the practice of law from September 29, 2000 to December 18, 2002 (the period of time during which he was disbarred by the Court of Judicial Discipline) and from May 6, 2003 until the date of its Report. ODC filed a Brief on Exceptions, and the Disciplinary Board adjudicated the matter at a meeting on September 27, 2004. The Disciplinary Board issued its Report and Recommendation on November 22, 2004. It recommended that Melograne be suspended from the practice of law for a period of five years with credit for the time he was disbarred by the Court of Judicial Discipline and the period of his temporary suspension from May 6, 2003 to November 22, 2004.

On February 22, 2005, pursuant to Pa.R.D.E. 208(e)(3), this Court issued to Melograne a Rule to Show Cause why he should not be disbarred.[1] Melograne filed a timely Response, to which ODC filed a timely Answer.

1. Pa.R.D.E. 208(e)(3) provides in relevant part:
 In the event the Board recommends a sanction less than disbarment, and the Court, after consideration of said recommendation, is of the view that a rule to show cause should be served upon respondent-attorney, why an order of disbarment not be entered, the same shall be issued.

362

*Discussion*

In attorney discipline matters, we exercise de novo review. We are not bound by the findings and recommendations of the hearing committee or the Board, although we give both substantial deference. *Office of Disciplinary Counsel v. Chung*, 548 Pa. 108, 695 A.2d 405 (1997). We are mindful of the fact that disciplinary sanctions are not designed to punish, but instead are intended to protect the public from unfit attorneys and maintain the integrity of the legal system. *Office of Disciplinary Counsel v. Christie*, 536 Pa. 394, 639 A.2d 782 (1994).

This Court has dealt severely with attorneys whose actions have impeded or thwarted the judicial process. In *In re Renfroe*, 548 Pa. 101, 695 A.2d 401 (1997), we disbarred an attorney who was convicted of bribing a witness, and stated:

> When an attorney attempts to bribe a witness or a court official for the purpose of affecting the outcome of a judicial proceeding, he has stricken at the heart of the judicial system itself. Fair adjudication is predicated upon the ability of courts to arrive at the truth. It is further predicated upon the confidence that courts will make their decisions based on that truth. If instead, courts are foreclosed from arriving at the truth because attorneys subvert the truth determining process, then justice cannot be administered. Instead, the truth determining process becomes a contest between bidders for corrupt testimony.

*Id.* at 404. In *Office of Disciplinary Counsel v. Raiford*, 546 Pa. 628, 687 A.2d 1118 (1997), an attorney arranged a scheme whereby a woman impersonated his client, Ms. Payne, and then pled guilty to drug charges without Ms. Payne's knowledge. The reason for the deception was so that police would drop charges against Ms. Payne's co-defendant, Jonas Gillespie, who was also a client of the attorney. In disbarring Raiford, this Court noted that deceptions practiced on the judicial system are among the most serious of all disciplinary infractions. *Id.* at 1119.

In *Office of Disciplinary Counsel v. Holston,* 533 Pa. 78, 619 A.2d 1054 (1993), we disbarred an attorney who forged the signature of a judge on a divorce decree, and then lied to the court about how he obtained the document. This Court stated:

> Respondent's illegal conduct in forging a court document involves moral turpitude, was prejudicial to the administration of justice, and adversely affects his fitness to practice law. We have defined moral turpitude as "anything done knowingly contrary to justice, honesty, principle, or good morals" (see *Office of Disciplinary Counsel v. Simon,* 510 Pa. 312, 507 A.2d 1215 (1986)), and there can be little room for argument that the misrepresentation involved in forging a court document involves deceit and dishonesty of the kind included within the scope of our definition of moral turpitude.

*Id.* at 1056. There can be no doubt that by conspiring with employees of the Court of Common Pleas of Allegheny County to cause two defendants to be found guilty in statutory appeals cases, Melograne, like Holston, committed acts within the scope of our definition of moral turpitude that were prejudicial to the administration of justice and adversely affected his fitness to practice law.

The Hearing Committee recognized that "[t]he events surrounding the criminal charge are related to [Melograne's] position as a member of the minor judiciary." Report of Hearing Committee 4.04 dated April 22, 2004 at 14. The Board did as well, when it noted that Melograne's "criminal misconduct occurred while he served as a District Justice." Report and Recommendations of the Board dated November 22, 2004 at 4. Nevertheless, neither the Hearing Committee nor the Board gave due consideration to this significant fact when making its recommendation of a suspension. As the Supreme Court of New Jersey recognized in *In re Mattera,* 34 N.J. 259, 168 A.2d 38 (1961):

> In terms of rational connection with fitness at the bar, behavior of an attorney in judicial office cannot be insulated from the demands of professional ethics. On the contrary,

the judge's role is so intimate a part of the process of justice that misbehavior as a judge must inevitably reflect upon qualification for membership at the bar.

*Id.* at 41. Misconduct of a lawyer acting in an official capacity as a judge may constitute grounds for disbarment because untrustworthiness or infidelity in one office shows untrustworthiness or infidelity in the other. *State ex rel. Neb. State Bar Ass'n v. Wiebusch,* 153 Neb. 583, 45 N.W.2d 583 (1951). A violation of the judicial oath aggravates the offense of violating the oath of an attorney. *In re Hasler,* 447 S.W.2d 65 (Mo. 1969). This Court has not hesitated to disbar attorneys whose actions harm the integrity of the judicial system. Undoubtedly, by conspiring with court employees to affect the outcome of statutory appeals, Melograne struck at the very core of the judicial system. In *Office of Disciplinary Counsel v. Eilberg,* 497 Pa. 388, 441 A.2d 1193 (1982), this Court imposed discipline upon an attorney who committed wrongdoing while serving as a member of the United States House of Representatives. We noted:

> In seeking to preserve public confidence in the integrity of the legal profession, we must consider that respondent was not only an attorney, but an elected official, who by virtue of his office engaged in conduct which resulted in his conviction. The unique posture of respondent makes his offense a more serious one than a singular violation of the disciplinary rules by an individual attorney.

*Id.* at 1197.[2] It is beyond cavil that the unique posture of Melograne as a judicial official makes his offense even more serious than Eilberg's for the purpose of attorney discipline. This Court has declined to adopt a *per se* rule requiring disbarment for specific acts of misconduct, *Chung,* 695 A.2d at 407. Disbarment is imposed only in the most egregious cases because it represents the termination of an attorney's license to practice law without a promise of restoration at any future

---

**2.** This Court imposed a five-year suspension in *Eilberg* instead of disbarment because of Eilberg's "significant contributions to his constituents while a public servant and the numerous distinguished character witnesses who testified to his good character, high repute, and fitness to practice law notwithstanding his conviction." *Id.*

time. *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987). However, when an attorney who holds judicial office commits misconduct that affects the fairness of an adjudication, disbarment is clearly a sanction that we must strongly consider.

 When disciplinary action is predicated on a criminal conviction, the Court considers any mitigating factors that are present. *ODC v. Valentino,* 556 Pa. 609, 730 A.2d 479 (1999). Melograne's son, Phillipe Melograne, Esquire, and longtime friend Gerald Paris, Esquire, testified to their opinion of Melograne's character. John L. Doherty, Esquire, who is former Chief Disciplinary Counsel, and Andrew Waszyn, who is Melograne's probation officer, provided letters recommending that he be permitted to practice law. The record also contains evidence of Melograne's active participation in civic and cultural organizations, his successful completion of incarceration and supervised release, and his lack of prior discipline. These factors are insufficient to warrant imposition of anything less than disbarment.

### Conclusion

Melograne's conviction for conspiracy to violate civil rights is a serious crime as defined by Pa.R.D.E. 214(i) because it is punishable by imprisonment for one year or more. Pursuant to Pa.R.D.E. 203(b)(1), conviction of a serious crime is a basis for discipline. Following our independent review of the record, we impose disbarment with credit for the time Melograne was disbarred by the Court of Judicial Discipline and the period of his temporary suspension from May 6, 2003 to the present. It is further ordered that he shall comply with the provisions of Pa.R.D.E. 217 and that he shall pay costs, if any, to the Board pursuant to Pa.R.D.E. 208(g).

Chief Justice CAPPY and Justices NIGRO, SAYLOR, EAKIN and BAER join the opinion.

Justice CASTILLE did not participate in the decision of this case.