# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,                           :
                 Appellant      :
                             :   No. 1141 C.D. 2023
         v.                  :
                             :   Submitted: October 8, 2024
Lehigh County District Attorney's    :
Office – Office of Open Records       :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                        **FILED: February 10, 2025**

Dana Young (Appellant) appeals from the order entered by the Court of Common Pleas of Lehigh County (trial court) on September 13, 2023, which denied his request for photographs related to his criminal trial under the Right-to-Know Law (RTKL).[1]  After careful review, we affirm.

## I. BACKGROUND[2]

Appellant is a state inmate incarcerated at the State Correctional Institution at Mahanoy (SCI-Mahanoy).  On December 1, 2022, Appellant filed a RTKL request with the Lehigh County District Attorney's Office, Office of Open

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] Unless stated otherwise, we adopt the factual background for this case from the trial court's September 13, 2023 Decision and Order, as well as the trial court's Pa.R.A.P. 1925(a) Opinion. *See* Trial Ct. Op., 9/13/23; Trial Ct. Op. 12/1/23.

Records (DA's Office), seeking copies of photographs relevant to his criminal trial in 1983.[3]

His request was denied on December 13, 2022. In its denial, the RTKL Officer determined: (1) trial records are maintained by the Clerk of Judicial Records, not the DA's Office; (2) any copies of the requested photographs in possession of the DA's Office are exempt from disclosure under Section 708(b)(16) of the RTKL; and (3) the DA's Office is prohibited from disclosing criminal investigative information by the Criminal History Record Information Act (CHRIA).[4]

At this point, Appellant proceeded with two different appeals disputing this determination. First, Appellant wrote to the RTKL Appeals Officer, who notified him that the appeal was defective and directed him to resubmit the appropriate forms by January 27, 2023. Appellant complied, and the DA's Office invoked a 45-day enlargement period to issue a final determination. On March 20, 2023, the Appeals Officer issued a final determination, although it was after the 45-day enlargement period expired, on March 11, 2023. The final determination concluded that the requested photographs were part of a criminal investigation and thus exempt from disclosure.

However, before this determination, on March 17, 2023, Appellant pursued parallel relief from the December 13, 2022 denial by filing an appeal with

---

[3] Specifically, Appellant requested "[c]opies of the photo or photos shown to Debra Whitesell on 2/18/83 and Stephanie Fisher on 4/19/83 referred to by [Assistant District Attorney] Jane Roach in her opening statement on 9/21/83 in *Commonwealth v. Dana Young*, Nos. CP-39-CF-560/561/614 – 1983." *See* Standard Right-to-Know Request Form, 12/1/22.

[4] 18 Pa.C.S. §§ 9101-9183. CHRIA concerns collection, maintenance, dissemination, disclosure, and receipt of criminal history records. *See generally id.* CHRIA and the criminal investigation exception in the RTKL are often asserted together. *See, e.g.*, *Pa. State Police v. Grove*, 161 A.3d 877 (Pa. 2017); *Coley v. Phila. Dist. Att'y's Off.*, 77 A.3d 694 (Pa. Cmwlth. 2013).

the Pennsylvania Office of Open Records (OOR).[5]  This second appeal was dismissed as untimely by the OOR on March 30, 2023.  *See* Certified Record (C.R.) at 31 (OOR Final Determination, 3/30/23).

Appellant then timely filed a notice of appeal in this Court.  *See* Pet. for Rev., 4/13/23.[6]  However, upon close review of his appeal, this Court determined that Appellant intended to appeal the March 20, 2023 final determination issued by the Appeals Officer that affirmed the denial of his RTKL request.  Accordingly, we transferred his petition to the trial court, with instructions to review the substance of the Appeals Officer's final determination.[7]  *See* Cmwlth. Ct. Order, 364 C.D. 2023, 5/8/23.  On September 13, 2023, the trial court affirmed the Appeals Officer's final determination, concluding that the DA's Office met its burden of proof that the photographs were exempt under the RTKL and CHRIA.  Appellant then timely appealed to this Court.

On October 5, 2023, the trial court ordered Appellant to file a statement of errors complained of on appeal within 21 days (initial order).  However, the initial order was returned as undeliverable, remailed, and eventually received on October 30, 2023, beyond the date required for Appellant's response.  On November 14, 2023, the trial court received a petition from Appellant, requesting the trial court to reissue the October 5, 2023 Order.  Two days later, on November 16, 2023, the trial

---

[5] It appears that Appellant was under the impression that the DA's Office would not respond to his appeal and, therefore, viewed it as denied by operation of law.  *See* Pet. for Rev., 4/13/23, at 2.

[6] This petition was docketed in this Court at No. 364 C.D. 2023.  It may also be found in the original record of this case.

[7] Technically, an appeal from the OOR would come to this Court. 65 P.S. § 67.1301(a). However, Appellant's intended appeal of the Appeals Officer's final determination of his RTKL request properly proceeded to the trial court, as it is an appeal from the district attorney's office, a local agency.  65 P.S. § 67.1302(a).

court granted the petition and issued a second order, directing Appellant to file a 1925(b) Statement by November 24, 2023 (second order).

Appellant did not timely respond. On December 1, 2023, the trial court issued an opinion concluding that Appellant had waived all issues on appeal because he had not filed a Pa.R.A.P. 1925(b) Statement.[8] Upon reviewing the trial court's opinion, this Court instructed the parties to address the issue of waiver in their appellate briefs. Order, 12/8/23. The DA's Office complied and stated its agreement with the trial court. Appellee's Br. at 9-13. Appellant did not address waiver in his brief. *See generally* Appellant's Br.

## II. ISSUE

Appellant has preserved one issue in this appeal. According to Appellant, the photographs he requested are not exempt from disclosure under the RTKL. *See* Appellant's Br. at 4.

## III. DISCUSSION[9]

### A. Waiver Under Pa.R.A.P. 1925

Before addressing the substantive issue raised by Appellant, we must consider the trial court's assertion, echoed by the DA's Office, that Appellant has waived all issues on appeal. Any issues not raised in a timely filed statement are deemed waived on appeal. See *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (establishing this bright line rule); Pa.R.A.P. 1925(b)(4)(vii). Even issues

---

[8] Appellant filed a statement, dated November 24, 2023; however, it is not clear when Appellant deposited it with prison authorities. *See* Pa.R.A.P. 1925(b) Statement, dated 11/24/23. The statement was received and filed in the trial court on December 5, 2023. *See id.* The DA's Office has suggested Appellant's statement was postmarked on November 28, 2023. *See* Appellee's Br. at 8. In our review of the record, we were unable to confirm this suggestion.

[9] "When reviewing an order of the trial court regarding the RTKL, we must determine whether the findings of fact are supported by [substantial] evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision." *City of Harrisburg v. Prince*, 288 A.3d 559, 567 n.7 (Pa. Cmwlth. 2023) (cleaned up).

4

addressed by the trial court are waived on appeal if they are not raised in a court-ordered statement. *Commonwealth v. Castillo*, 888 A.2d 755, 780 (Pa. 2005).

However, in order for this bright-line rule to apply, the trial court itself must adhere to the Rule's requirements. *See Rohm v. Dutch Creek Ests. Homeowners' Ass'n., Inc.*, 292 A.3d 633, 638 (Pa. Cmwlth. 2023); *Mojica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 814 (Pa. Cmwlth. 2020); *Commonwealth v. Matsinger*, 68 A.3d 390, 395 (Pa. Cmwlth. 2013). One such requirement is found in Subsection (b)(2)(i), which provides that "[t]he judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the [s]tatement." Pa.R.A.P. 1925(b)(2)(i).

It is the trial court's order that triggers an appellant's obligation to comply with Pa.R.A.P. 1925, so a defective order inconsistent with the requirements of Rule 1925 will not trigger the waiver provisions of subsection (b)(4)(vii). *Berg v. Nationwide Mut. Ins. Co, Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010). Furthermore, where an appellant substantially complies with a defective Pa.R.A.P. 1925(b) order, waiver may not apply. *See, e.g.*, *Matsinger*, 68 A.3d at 395 (declining to find waiver where the appellant clearly attempted "to effectuate service on the trial judge"); *Berg*, 6 A.3d at 1008 (finding substantial compliance where the judge's order was unclear and the appellant provided two time-stamped copies of his statement to the local prothonotary). Moreover, in *Commonwealth v. Hess*, the court held that an appellant should not be penalized for failing to comply when he did not receive notice of the order, as applying the strict compliance standard from *Lord* would act as a "trap" to defeat appellate review. 810 A.2d 1249, 1255 n.9 (Pa. 2002).

In this case, Appellant did not receive the initial order until after his response was due. *See* Trial Ct. Op. 12/1/23. This administrative breakdown made it impossible for Appellant to comply with the initial order. In response, Appellant

requested a reissuance of the order, which the trial court promptly granted on November 16, 2023. *Id.* However, this second order only gave Appellant until November 24, 2023 to file the 1925(b) Statement, which is far less than the 21-day period required under subsection (b)(2)(i). Pa.R.A.P. 1925(b)(2)(i).

Despite this short timeframe, Appellant made a good-faith attempt to comply with the second order, filing his 1925(b) Statement between November 24 and November 28, 2023.[10] *See* Pa.R.A.P. 1925(b) Statement, dated 11/24/23; Appellee's Br. at 8. Because the second order did not fully comply with Rule 1925(b)(2)(i), and given Appellant's substantial compliance, we conclude that it would be inappropriate to apply the bright line rule in this case. Accordingly, we decline to find waiver.

## B. Merits of Appellant's Appeal

Appellant asserts that he is entitled to the photographs because they are not exempt from disclosure under the RTKL. Appellant's Br. at 8. Appellant first reasons that the photographs are "simply trial exhibits" constituting an in-court identification, because the prosecutor referenced the photographs during her opening statement and direct examination of several witnesses at Appellant's public trial. *See* Appellant's Br. at 7-9. Therefore, Appellant contends that the photos are subject to disclosure as a judicial agency record. Appellant's Br. at 9. Relatedly, Appellant further argues that the DA's Office has not met its burden of proving the photographs are exempt from disclosure by a preponderance of the evidence. *Id.* at 8.

In response, the DA's Office asserts that the request was properly denied because (1) trial exhibits are maintained by the Clerk of Judicial Records, not

---

[10] Under the prisoner mailbox rule, a prisoner's *pro se* appeal or other legal document is deemed filed when given to prison officials or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014).

the DA, (2) the photographs relate to a criminal investigation, making their disclosure prohibited under CHRIA, (3) the photographs are prohibited under law, they are not a public record as defined by the RTKL, and (4) the photographs are explicitly exempt from disclosure under Section 708(b)(16) of the RTKL. *See* Appellee's Br. at 13-14.

The RTKL is "remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions . . . ." *Bowling v. Off. of Open Recs.*, 990 A.2d 813, 814 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013). So, we must liberally construe its provisions in order to effectuate this purpose. *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013).

Upon request, an agency is required to disclose information falling within the RTKL's broad definition of "record." *Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011); Sections 102 and 901 of the RTKL, 65 P.S. §§ 67.102, 67.901.[11] However, "the RTKL is not a forum for the public to demand

---

[11] The RTKL defines "record" as

> [i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document.

Section 102 of the RTKL, 65 P.S. § 67.102.

Section 901 provides:

> Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession,

answers to specifically posed questions to either a Commonwealth or local agency." *Walker v. Pa. Ins. Dep't* (Pa. Cmwlth., No. 1485 C.D. 2011, filed June 15, 2012), slip op. at 12, 2012 WL 8683307. Section 708 of the RTKL places the burden of proof on the public body to demonstrate by a preponderance of the evidence that a record is exempt.[12] *See Hodges*, 29 A.3d at 1192. Finally, the agency must respond to a request for records in good faith. *See Smith Butz, LLC v. Pa. Dep't of Env't Prot.*, 142 A.3d 941, 954 (Pa. Cmwlth. 2016); Section 901 of the RTKL, 65 P.S. § 67.901.

However, the RTKL has several exceptions to public disclosure of a "record." For example, Section 708(b)(16) exempts from disclosure records relating to or resulting in a criminal investigation. 65 P.S. § 67.708(b)(16). The term "criminal investigation" "clearly and obviously refers to an official inquiry into a possible crime." *Pa. State Police v. Grove,* 161 A.3d 877, 893 (Pa. 2017). "Criminal investigative records remain exempt from disclosure under the RTKL even after the investigation is completed." *Barros v. Martin*, 92 A.3d 1243, 1250 (Pa. Cmwlth. 2014). Additionally, there is a catch-all provision stating, "if the provisions of this act regarding access to records conflict with any other Federal or State law, the

---

custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request. All applicable fees shall be paid in order to receive access to the record requested. The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. § 67.901.

[12] Section 708(a) of the RTKL quantifies the burden of proof (a preponderance of the evidence) required to establish an exemption from disclosure. *See* 65 P.S. § 67.708(a). "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to 'a more likely than not' inquiry." *Carey v. Pa. Dep't of Corr.*, 61 A.3d 367, 374 (Pa. Cmwlth. 2013).

provisions of this act shall not apply." Section 3101.1 of the RTKL, 65 P.S. § 67.3101.1. Thus, anything that falls under CHRIA would be excepted from the RTKL. It should be noted that the exceptions to disclosure of public records must be narrowly construed in order to promote the RTKL's goal of government transparency. *Off. of the Gov. v. Davis*, 122 A.3d 1185, 1191 (Pa. Cmwlth. 2015). Records that are exempt from disclosure are not "public records" for purposes of the RTKL. 65 P.S. § 67.102.

CHRIA governs the collection, maintenance, dissemination, and use of criminal history record information in Pennsylvania. 18 Pa.C.S. §§ 9101-9183. Under CHRIA, "[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency." 18 Pa.C.S. § 9106(4). CHRIA defines "investigative information" as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa.C.S. § 9102.

In this case, the photographs requested by Appellant were shown to two witnesses in February and April 1983, prior to Appellant's criminal trial in September 1983, categorizing them as part of a "criminal investigation" under the RTKL. *See* Trial Ct. Op. 9/13/23 at 12. This classification aligns with the definition of "investigative information" under CHRIA, which includes information gathered during inquiries into criminal incidents. *See* 18 Pa.C.S. § 9102. Since these photographs were utilized in the context of a criminal investigation, they fall under the exemptions provided by both the RTKL and CHRIA.

Appellant argues that the photographs should be disclosed because they were referenced during his trial, but this claim does not sufficiently refute the DA's

9

Office's position. It is unclear whether the photographs were merely mentioned during Appellant's trial or received into evidence. *See* Trial Ct. Op. 9/13/23 at 10-11. However, the photographs' status as trial exhibits does not override their classification as investigative records, as they were used in some capacity leading up to or at a criminal trial. Furthermore, the DA's Office is not a judicial agency and does not maintain "judicial records"; such matters fall under the purview of the Clerk of Judicial Records. The Appeals Officer informed the Appellant of this distinction in its original denial. *See* Trial Ct. Op. 9/13/23 at 10-11. Thus, Appellant's claim that the photographs are not exempt fails. Additionally, Appellant's contention that the DA's Office did not meet its burden is without merit, as the DA's Office has effectively demonstrated that the photographs are exempt under both RTKL and CHRIA.

For the reasons articulated above, Appellant's requested photographs are not subject to disclosure under the RTKL, because they are exempt due to their classification as records related to a criminal investigation under Section 708(b)(16) of the RTKL and as investigative information under CHRIA. The DA's Office has met its burden of proof, justifying the denial of Appellant's request.

## IV. CONCLUSION

The trial court did not strictly comply with the requirements of Pa.R.A.P. 1925. Therefore, we decline to find Appellant's issue waived on appeal. Second, the photographs Appellant requested are exempt from disclosure under the RTKL and CHRIA.

For these reasons, we affirm.

_____
**LORI A. DUMAS, Judge**

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,  :
              Appellant  :
                                  :    No. 1141 C.D. 2023
              v.  :
                                    :
Lehigh County District Attorney's  :
Office – Office of Open Records  :

## O R D E R

AND NOW, this 10th day of February, 2025, the order entered by the Court of Common Pleas of Lehigh County on September 13, 2023, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dana Young,                                    :
                         Appellant          :
                                       :
                    v.                              :   No. 1141 C.D. 2023
                                       :   SUBMITTED:  October 8, 2024
Lehigh County District Attorney's    :
Office - Office of Open Records      :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**CONCURRING AND DISSENTING OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED:  February 10, 2025**

       I respectfully concur in the result reached by the Majority, but under a different analysis.  In addition, I dissent to that portion of the Majority's opinion addressing the merits.

       According to the original record in the instant case, *Young v. Lehigh County District Attorney's Office - Office of Open Records* (Pa. Cmwlth., No. 1141 C.D. 2023, filed February 10, 2025) (*Young II*), the pertinent chronology is as follows. On December 1, 2022, Appellant Dana Young requested photographs from the Lehigh County District Attorney's Office (DA's Office).  Original Record (O.R.) at 13.  On December 13, 2022, the request was denied based on Section 708(b)(16) of the Right-to-Know Law (RTKL),[1] the investigative exception.  *Id*. at 13-15. Apparently, Appellant filed what he characterized as a "corrected" request/appeal

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(16).

with the agency, which was ignored. On December 22, 2022, Appellant appealed to the DA Office's right-to-know appeals officer from the first denial (*id*. at 16), and on January 13, 2023, he filed another appeal from the deemed denial on the second request (*id*. at 19). On March 20, 2023, the right-to-know appeals officer denied Appellant's December appeal on the merits, citing the investigative exception. *Id*. at 50-53. As far as the record reflects, no further appeal was taken from that decision. On March 30, 2023, the Office of Opens Records (OOR) dismissed Appellant's January appeal on the ground that it was untimely. *Id*. at 22.

On April 13, 2023, Appellant then appealed only OOR's March 30, 2023 dismissal on timeliness grounds to our Court: *Young v. Lehigh County District Attorney's Office (Office of Open Records)* (Pa. Cmwlth., No. 364 C.D. 2023) (*Young I*). In *Young I*, this Court remanded the matter to the Court of Common Pleas of Lehigh County because the petition for review sought review of a local agency denial of access to public records over which the trial court has jurisdiction. In pertinent part, our order provided:

> Upon consideration of the Petition for Review, which seeks review of an appeal of an appeals officer's determination relating to a local agency's denial of access to public records, [Section 1302(a) of the RTKL,] 65 P.S. § 67.1302(a), this matter is transferred to the Court of Common Pleas of Lehigh County. *See* [Section 5103 of the Judicial Code,] 42 Pa.C.S. § 5103 [(transfer of erroneously filed matters)].

*Young I*, May 8, 2023 Order at 1; O.R. at 24.

To expand on the basis for our transfer order in *Young I,* this Court hears appeals of final determinations issued by Commonwealth agencies, legislative agencies, and judicial agencies pursuant to Section 1301(a) of the RTKL, 65 P.S. §

BBL - 2

67.1301(a). We do not hear appeals of final determinations issued by local agencies until after they have been heard by the proper court of common pleas in accordance with Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a). *Pennsylvanians for Union Reform v. Ctr. Cnty. Dist. Atty's Off.*, 139 A.3d 354, 356 (Pa. Cmwlth. 2016). At all ends, we certainly did not suggest that the trial court address the merits, nor make any suggestion as to how the appeal should be handled. We merely entered a routine transfer order in accordance with 42 Pa.C.S. § 5103(a), which provides, in pertinent part:

> If an appeal or other matter is taken to or brought in a court . . . of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court . . . of this Commonwealth.

In the instant appeal, the trial court ultimately denied the appeal on the merits, even though the DA's Office raised that only as an alternative to its primary argument that OOR had properly dismissed the appeal as untimely. However, the trial court should have dealt only with timeliness, which was OOR's reason for dismissing the appeal. Appellant appealed from the trial court's decision on remand, which is the instant appeal (*Young II*).[2]

---

[2] We note that this Court gave *Young II* a new docket number. However, *Young II*, Docket No. 1141 C.D. 2023, is clearly a continuation of *Young I*, Docket No. 364 C.D. 2023.

BBL - 3

This error by the trial court should not cause us to make the same error and deal with the unappealed merits decision. Accordingly, I believe we should simply affirm on alternate grounds, *i.e.*, that the untimeliness decision was correct.[3]


**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[3] Notably, we do not have the transcript from Appellant's criminal trial. The trial court stated that it was not clear whether the photos were admitted into evidence or only discussed at trial. Certainly, if they were admitted, there can be no question that the investigative exception was extinguished at that point. Even if the photos were only used in arguments or questioning of the witnesses, it would seem that they should have been produced at that point, and whether that amounts to a waiver of confidentiality of the records is not at all clear. Had it been appropriate to deal with the merits, this Court, at a minimum, should remand for a determination of whether the photos were in fact introduced or whether the conduct of the trial amounted to a waiver. Thus, I dissent from the Majority's treatment of the merits. However, I believe that it is not appropriate to address the merits.