# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jon R. Marietta Jr., Michelle Mowry, :
Melanie Patterson, Robert Patterson, :
Cody Patterson, Maureen Elias, :
Thomas Elias, and Gregory Stenstrom, :
                  Appellants :
                   : No. 337 C.D. 2024
            v. :
                   : Submitted: November 6, 2025
Fayette County, PA, and Fayette :
County Bureau of Elections :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE LORI A. DUMAS, Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                           **FILED: December 31, 2025**

       Jon R. Marietta, Jr. (Marietta), Michelle Mowry, Melanie Patterson, Robert Patterson, Cody Patterson, Maureen Elias, Thomas Elias (collectively, Appellants), and Gregory Stenstrom (Stenstrom) appeal from an order entered by the Court of Common Pleas of Fayette County (trial court) on March 22, 2024,[1] which sustained the preliminary objections of Fayette County and Fayette County Bureau of Elections (Elections Bureau) (collectively, Appellees), dismissed as moot Appellants' petition to file *nunc pro tunc* (*nunc pro tunc* Petition), and denied and dismissed with prejudice Appellants' Petition to Open Ballot Box and Recanvass

---

[1] The opinion and order were filed on March 22, 2024, but dated March 21, 2024. *See* Trial Ct. Order, 3/22/24.

Voting Machines (underlying Petition). After careful review, we dismiss the appeal with prejudice.

## I. BACKGROUND[2]

On November 15, 2023, Appellants and Stenstrom endeavored to file the underlying Petition, which sought to open ballot boxes and recanvass voting machines for all election precincts in Fayette County following the 2023 general election. The county prothonotary did not accept the petition for filing. On November 20, 2023, Appellants and Stenstrom filed their *nunc pro tunc* Petition, alleging that the prothonotary had improperly refused their underlying Petition at the direction of the county solicitor, who advised that separate petitions with separate filing fees were required for each County precinct.[3] Appellants and Stenstrom made several allegations about the events of November 15 and 20, 2023, that were later retracted by Marietta during oral argument, which raised concern from the trial court regarding the "veracity" of Appellants' and Stenstrom's filings. *See* Trial Ct. Op. at 15.

On January 5, 2024, Appellees filed a Motion to Strike Stenstrom as an improper party, alleging that he lacked standing in this litigation because he does not

---

[2] This matter is one of several initiated in the trial court and related to two other matters currently before this Court concerning the 2023 Fayette County Commissioner race. *See Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 336 C.D. 2024); *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 338 C.D. 2024). Unless otherwise stated, we adopt the factual background from the trial court's March 22, 2024 Opinion, as well as its Pa.R.A.P. 1925(a) Opinion (1925(a) Opinion). *See* Trial Ct. Op., 3/22/24; Trial Ct. 1925(a) Op., 5/6/24.

[3] The *nunc pro tunc* Petition makes several other allegations regarding the County solicitor, asserting that the County solicitor acted as the "solicitor for the Prothonotary," and essentially directed the Prothonotary to decline acceptance of both petitions. *See nunc pro tunc* Petition, 11/20/23, at 2-4.

reside in the county nor is he registered to vote therein. *See* Mot. to Strike, 1/5/24, at 3. The trial court granted this motion.[4] *See* Trial Ct. Order, 1/11/24.

Thereafter, Appellees filed preliminary objections pursuant to Pa.R.Civ.P. 1028(a)(1), (4), (7).[5] On the eve of the scheduled oral argument, Appellants and Stenstrom filed a combined response addressing the preliminary objections, "a notice of appearance and presentation," a seemingly renewed *nunc pro tunc* petition, and a motion for reconsideration of the order removing Stenstrom.[6] *See* Trial Ct. Op. at 13. This response contained digitally pasted signatures and deficient certificates of service, apparently a recurring issue across related cases.[7]

---

[4] Stenstrom was also stricken as a party in the related election matters filed in Fayette County on appeal before this Court for similar reasons. *See* Mot. to Strike, Ex. A; *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 336 C.D. 2024); *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 338 C.D. 2024), Order to Strike Improper Party, 1/11/24.

[5] Rule 1028(a) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds:

> (1) lack of jurisdiction of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
> . . . .
> (4) legal insufficiency of a pleading (demurrer);
> . . . .
> (7) failure to exercise or exhaust a statutory remedy;"

Pa.R.Civ.P. 1028(a)(1), (4), (7).

[6] The trial court declined to consider the reconsideration motion for failure to follow Fayette County's local rules of service. *See* Trial Ct. Op. at 14 (citing Fayette Cnty. R.Civ.P. 208.3(a)(8)).

[7] In its opinion, the trial court details the ongoing pattern and issue of improper service throughout the litigation where Appellants failed to follow the rules of court to the extent that Appellees were excused from filing responsive pleadings until service was effectuated. *See, e.g.*, Trial Ct. Op. at 14 n.13 ("[The trial court] has repeatedly referenced improper service during court proceedings and in written orders . . . in which [the trial court] specified in detail . . . each of the applicable rules of civil procedure relevant to such service . . . the Certificates of Service [Appellants] have included with their various filings in this matter continue to be fatally deficient.").

On March 22, 2024, the trial court sustained Appellees' preliminary objections.[8]  The trial court first observed that Appellants had never actually filed the underlying Petition, which remained of record only as an exhibit attached to the petition seeking *nunc pro tunc* relief.  The trial court noted additional procedural and substantive errors.  For example, Appellants failed to duly verify the underlying Petition, resulting in a "jurisdictional defect that cannot be cured."[9]  *See* Trial Ct. Op. at 17 (citing *In re 2003 Gen. Election for Off. of Prothonotary*, 849 A.2d 230 (Pa. 2004)).  Additionally, Appellants had not followed the specified methods for filing recount petitions.[10]  Lastly, the underlying Petition included inappropriate accusations of misconduct, misrepresented the record and procedural history, provided legal conclusions that were not remotely supported by statute or case law, and made allegations that Marietta had previously acknowledged to be false.

The trial court concluded that each of these reasons was an independent basis for dismissal.  As such, the trial court dismissed the *nunc pro tunc* Petition as moot, sustained the preliminary objections to the underlying Petition to the extent that the underlying Petition could be considered because it was never properly filed, and dismissed the underlying Petition with prejudice.

---

[8] The trial court did not reach the preliminary objection pursuant to Pa.R.Civ.P. 1028(a)(7).

[9] Under the Election Code, petitions to open ballot boxes and petitions to recanvass voting machines must be "duly verified" by three qualified electors of the election district.  25 P.S. §§ 3261(a), 3262(a)(1).  "Duly verified" has been interpreted by our Supreme Court to mean "that the three electors bringing the [petition] have confirmed the averments in the petition by means of an oath or affirmation before a notary public or similar public official."  *In re 2003 Gen. Election for Off. of Prothonotary*, 849 A.2d 230, 238 (Pa. 2004).

[10] Recount petitions must be filed in every election precinct where the office at issue appeared on the ballot, or the petitions must allege facts sufficient for a *prima facie* case of fraud or error. *See In re Recount of Berks Cnty. Gen. Election of Nov. 8, 2023*, 296 A.3d 64, 76 (Pa. Cmwlth. 2023) (overruled on other grounds by *Honey v. Lycoming Cnty. Off. of Voter Servs.*, 312 A.3d 942, *appeal granted*, (Pa., No. 163 MAL 2024, filed Oct. 7, 2024)).

Appellants and Stenstrom timely appealed to this Court.[11] On March 26, 2024, the trial court ordered a concise statement of errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b)) to be filed within 21 days. Appellants and Stenstrom timely filed a single statement.[12] The trial court issued an opinion, first suggesting that a finding of waiver by this Court may be appropriate, as the 58-paragraph statement mirrors the type of excessive filing condemned in *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 214 (Pa. Super. 2008), as a "deliberate attempt to circumvent the meaning and purpose of Rule 1925(b)." *See* Trial Ct. 1925(a) Op. at 2. The trial court also noted that Stenstrom had not challenged his dismissal for lack of standing and "ha[d] simply included himself in this [a]ppeal." *See id.* Finally, the trial court addressed Stenstrom's purported standing in light of his extensive litigation history across multiple Pennsylvania counties.[13] *See id.* at 2-3. The court explained that while Stenstrom claims to act as an "authorized representative" of Marietta, such representatives do not have independent standing. *See id.* at 3.[14]

---

[11] We note that the signatures of Appellants look akin to the digitally copied signatures referenced by the trial court. The verification and certificate of service contain only typed names purporting to serve as signatures. *See* Notice of Appeal, 3/25/24.

[12] Again, we note that the signatures of Appellants look akin to the digitally copied signatures referenced by the trial court. The verification and certificate of service contain only typed names purporting to serve as signatures. *See* Rule 1925(b) Statement, 4/15/24.

[13] The trial court notes that Stenstrom has "filed documents as a 'pro se party and authorized representative' in at least ten election cases in Fayette County, six in Chester County, and fourteen in Delaware County."

[14] We agree and note that whether Stenstrom qualifies as an authorized representative is immaterial. Under the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2601-3591, candidates may designate authorized representatives to observe pre-canvass and canvass meetings where mail-in and absentee ballots are processed, as well as to attend recounts on their behalf. *See* Section 1701(c) of the Pennsylvania Election Code, 25 P.S. § 3261; Pa. Dep't of State, Guidance Concerning Poll Watchers and Authorized Representatives, No. 4 Authorized Representatives at the Pre-Canvass and Canvass (Sept. 22, 2025, Version 2:2),

---

5

In response to the trial court's opinion, this Court directed the parties to address whether "Appellants preserved any issues on appeal in light of their apparent failure to properly raise any issues in their [Rule] 1925(b) Statement." *See* Cmwlth. Ct. Order, 6/7/24. This Court further directed Appellants and Stenstrom to file their appellate briefs and reproduced records and effectuate service no later than February 20, 2025, or the notice of appeal would be dismissed as of course. *See* Cmwlth. Ct. Order, 2/10/24. Neither Appellants nor Stenstrom filed a reproduced record. Stenstrom *pro se* filed an appellate brief belatedly on February 27, 2025, but did not address our Rule 1925(b) concern. Appellants never complied with our briefing instructions, and we dismissed them from this appeal. *See* Cmwlth. Ct. Order, 7/30/25.

## II. DISCUSSION[15]

Initially, we address the adequacy of Stenstrom's Rule 1925(b) statement. A Rule 1925(b) statement must "set forth only those errors that appellant intends to assert," and must "concisely identify each error . . . with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(i), (ii); *see also* Pa.R.A.P. 1925(b)(4)(iv); *Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa. Super. 2016) (quoting *Jiricko*, 947 A.2d at 210).[16] Waiver is not warranted based

---

available at https://perma.cc/7UL6-NNTE (last visited Dec. 31, 2025). However, nothing in the Code or related guidance suggests that an authorized representative has any special legal status permitting them to appear in court, file pleadings, or advance legal arguments on a candidate's behalf.

[15] Our review "is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mojica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

[16] We may cite to Superior Court cases for their persuasive value, particularly when they address analogous issues. *See Rickell v. Dep't of Transp., Bureau of Driver Licensing*, 289 A.3d 1155, 1160 n.10 (Pa. Cmwlth. 2023).

6

solely on the number of issues raised, provided the appellant presents non-frivolous, concise, and non-repetitive claims. *See* Pa.R.A.P. 1925(b)(4)(iv).

When an appellant raises an "outrageous" number of issues, they "circumvent the meaning and purpose of Rule 1925(b)" and preclude appellate review. *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007), *aff'd*, 977 A.2d 1170 (Pa. 2009). In such cases, courts have held that the issues are waived. *See, e.g.*, *Brandywine Hosp., LLC v. Cnty. of Chester Bd. of Assessment Appeals*, 291 A.3d 467, 476 (Pa. Cmwlth.), *appeal denied*, 308 A.3d 779 (Pa. 2023) (finding waiver where appellant filed a 19-page statement raising 90 redundant issues and sub-issues); *Jiricko*, 947 A.2d at 210, 213 (holding that a five-page, "virtually incomprehensible" statement consisting of "an incoherent, confusing, redundant, [and] defamatory rant" warranted waiver); *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1042 (Pa. Super. 2018) (dismissing appeal where appellant's 53-page "defamatory rant against everything and everyone involved in this case" demonstrated "complete defiance toward the purpose of appellate review").

Here, our review of Stenstrom's fourteen-page, fifty-eight-paragraph Rule 1925(b) statement reveals numerous redundant, non-concise, and frivolous issues.[17] The statement reads more like a brief than a concise statement of errors, contrary to Rule 1925(b)(4)(iv). As a result, many issues that should constitute a single short paragraph are unnecessarily expanded and scattered across multiple paragraphs, further disregarding Rule 1925(b)(4)(v), which provides that the statement inherently includes all properly raised subsidiary issues.

---

[17] We also note that Stenstrom's Rule 1925(b) statement is the same statement filed in the related cases. *See Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 336 C.D. 2024) Rule 1925(b) statement; *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 338 C.D. 2024) Rule 1925(b) statement.

Although a large number of issues alone generally does not mandate waiver, particularly where the stated issues are concise and non-repetitive, *see* Pa.R.A.P. 1925(b)(4)(iv), that is not the case here. Stenstrom's 58 paragraphs largely recite generalized grievances or abstract principles rather than discrete rulings by the trial court. *See generally*, Stenstrom's Rule 1925(b) statement. For example, paragraph 8 asserts that "[t]he [trial court] erred by failing to recognize that [f]ree and fair elections are intertwined with civil rights protections. When fraud or error is suspected and transparency is blocked, the election can't be considered free and fair. Fair elections guarantee that votes are counted accurately." *Id.* at 3. Similarly, paragraph 11 claims error because the trial court did not "[rule] that if ballot boxes remain closed despite electors suspecting fraud or error . . . there is no guarantee that the votes were counted accurately." *Id.* These are representative of many paragraphs, *see also, e.g.*, Nos. 2-6, 12, 14, 15-18, 23, 26, 35, 47, 49-51, that do not identify appealable rulings but instead offer abstract or rhetorical assertions. Additionally, several paragraphs merely quote statutes or case law without identifying any corresponding trial court error. *See id.* at 3, 8-10, 13-14. Others criticize the trial court for dismissing the petition on a "technicality," describing the outcome as "badly reasoned," without offering meaningful support. *See id.* at Nos. 13, 15, 17-21, 24, 29. Moreover, the statement includes irrelevant commentary regarding the rights of *pro se* litigants. *See id.* at 14. We admonish Stenstrom that this overly long and redundant statement, which lacks any clear assignments of error, constitutes waiver for failure to comply with Rule 1925(b)'s requirements. *See* Pa.R.A.P. 1925(b); *Brandywine Hosp., LLC*, 291 A.3d at 476; *Jiricko*, 947 A.2d at 210, 213.

Nevertheless, we discern further and ultimately fatal defects. Any issues not raised in a timely filed statement are deemed waived on appeal. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (establishing this bright line rule); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Even issues addressed by the trial court are waived on appeal if they are not raised in a court-ordered statement. *Commonwealth v. Castillo*, 888 A.2d 755, 780 (Pa. 2005). Additionally, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009); *see also* Pa.R.A.P. 2119(a). Pointedly, our Supreme Court has found abandonment for claims that were not listed in the questions presented on appeal, discussed in the brief, or included in the appellants' prayer for relief. *See City of Phila. v. Schweiker*, 858 A.2d 75, 90 (Pa. 2004).

Upon considering Appellees' motion, the trial court dismissed Stenstrom from this case, concluding that he lacked standing because he was neither eligible nor registered to vote in Fayette County and because he was unable to provide any other basis for independent standing. *See* Trial Ct. Op. at 13. Therefore, on appeal, the only relevant issue Stenstrom may assert is whether the trial court erred in dismissing him. *See, e.g.*, *City of Phila. v. Leverett*, 324 A.3d 703, 710 (Pa. Cmwlth. 2024) (making a distinction between "a litigant's sufficient interest in appealing an adverse decision from the lack of sufficient interest in commencing the litigation," and concluding that the litigant was aggrieved by the underlying decision that the litigant lacked standing). And yet, in this case, Stenstrom has failed to preserve or challenge his dismissal by the trial court. Notably, Stenstrom's 58-

9

paragraph Rule 1925(b) statement lacks any statement, issue, or argument concerning or related to his dismissal from this case. *See generally* Stenstrom's Rule 1925(b) Statement. Stenstrom's brief is also silent on this issue. *See generally* Stenstrom's Br. As a result, Stenstrom has abandoned his only reviewable issue on appeal, and we deem it waived.

### III. CONCLUSION

For all these reasons, we dismiss Stenstrom's appeal with prejudice. *Lord*, 719 A.2d at 309; *Johnson*, 985 A.2d at 924; *Brandywine Hosp., LLC*, 291 A.3d at 476; Pa.R.A.P. 1925(b)(4); Pa.R.A.P. 2119(a).

**LORI A. DUMAS, Judge**

Judge McCullough did not participate in this decision.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jon R. Marietta Jr., Michelle Mowry,  :
Melanie Patterson, Robert Patterson,  :
Cody Patterson, Maureen Elias,  :
Thomas Elias, and Gregory Stenstrom,  :
        Appellants  :
                        :    No. 337 C.D. 2024
        v.  :
                        :
Fayette County, PA, and Fayette  :
County Bureau of Elections  :

## O R D E R

AND NOW, this 31st day of December, 2025, the appeal of Gregory Stenstrom from the order issued by the Court of Common Pleas of Fayette County on March 22, 2024, is DISMISSED with prejudice.[1]

**LORI A. DUMAS, Judge**

---

[1] Appellants Jon R. Marietta, Jr., Michelle Mowry, Melanie Patterson, Robert Patterson, Cody Patterson, Maureen Elias, and Thomas Elias were dismissed by this Court. *See* Order, 7/30/25.