# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jon R. Marietta, Jr., former     :
candidate for County Commissioner   :
                                :    No. 336 C.D. 2024
           v.                   :
                                :    Submitted: November 6, 2025
Fayette County, Pa. Board of Elections,   :
Mark Rowman, Robert J. Lesnick,     :
John A. Kopas, II, and Sheryl Heid     :
                                :
Appeal of: Jon R. Marietta, Jr.,      :
Geno Gallo, and Gregory Stenstrom   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                         **FILED: December 31, 2025**

Jon R. Marietta, Jr. (Marietta), Geno Gallo (Gallo), and Gregory Stenstrom (Stenstrom) appeal from an order entered by the Court of Common Pleas of Fayette County (trial court) on March 22, 2024,[1] which sustained the preliminary objections of Fayette County Board of Elections (Elections Board), Mark Rowman, Robert J. Lesnick, John A. Kopas, II, and Sheryl Heid (collectively, Appellees) and dismissed Marietta's Complaint with prejudice. After careful review, we dismiss the appeal with prejudice.

---

[1] The opinion and order were filed on March 22, 2024, but dated March 21, 2024. *See* Trial Ct. Order, 3/22/24.

# I. BACKGROUND[2]

After the conclusion of the May 2023 Fayette County Commissioner Primary Election, several recount petitions were filed in the trial court, which sought to open ballot boxes and recanvass voting machines. A recount was performed for six election precincts, but no evidence of fraud or error resulted.[3]

On September 6, 2023, Marietta and Stenstrom filed a Complaint for Breach of Fiduciary Duty (Complaint) against Appellees, as well as a Rule 1531 Motion for Injunctive Relief (Motion).[4] The Complaint alleged that Appellees breached their fiduciary duties during the recounts and recanvassing of the voting machines. The Complaint declared that another recount should be performed for the Republican Primary in the Fayette County Commissioner race. Although the complaint is titled as a breach of fiduciary duty, the trial court notes that, in substance, the Complaint is properly considered under the Pennsylvania Election Code (Code).[5]

---

[2] This matter is one of several initiated in the trial court and related to two other matters currently before this Court concerning the 2023 Fayette County Commissioner race. *See Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 337 C.D. 2024); *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 338 C.D. 2024). Unless otherwise stated, we adopt the factual background from the trial court's March 22, 2024 Opinion, as well as its Pa.R.A.P. 1925(a) Opinion (1925(a) Opinion). *See* Trial Ct. Op. 3/22/24; 1925(a) Op., 5/6/24. The 1925(a) Opinion is dated May 3, 2024, but was filed on May 6, 2024.

[3] Marietta and Stenstrom were not parties to any of these recount actions.

[4] The Motion requested that (1) the certification of the results of the Republican Commissioner race by the Elections Board be voided as violation of the Sunshine Act, (2) the certification of the primary election results be stayed pending a "full public forensic investigation," (3) an immediate "litigation hold" be placed on all election equipment, (4) an assessment of fines for violations of the Sunshine Act be conducted, (5) sanctions and legal fees be paid, and (6) the trial court refer the case to the district attorney for criminal charges relating to the Sunshine Act. *See* Rule 1531 Mot. for Injunctive Relief, 9/6/23, at 5.

[5] Act of June, 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

On September 13, 2023, Marietta and Stenstrom attempted to present their Motion, but the Solicitor for Fayette County, who represented Appellees, stated that Appellees had not been served properly. Marietta and Stenstrom attempted again to present their Motion on September 21, 2023, arguing that no service was necessary for an injunction since the matter was of great urgency. The trial court denied the Motion, stating that Marietta and Stenstrom had not even attempted to effectuate service, but offered them the opportunity to re-present their Motion on September 26, 2023. Marietta and Stenstrom represented that they would be at the September 26, 2023 hearing.[6]

On September 25, 2023, Marietta and Stenstrom filed a praecipe to reschedule the hearing, which seemingly took issue with the September 21, 2023 hearing and the trial court's representations that Marietta and Stenstrom had not effectuated service. *See* Praecipe to Reschedule 2nd Am. Rule 1531 Hr'g, 9/25/23.

On September 26, 2023, the trial court conducted the regularly scheduled hearing. Marietta and Stenstrom did not appear. The Solicitor for the Elections Board and the Fayette County Solicitor appeared at the hearing in objection to the lack of service. Additionally, Appellees made an oral motion to strike Stenstrom for lack of standing. At the conclusion of the hearing, the trial court denied Marietta and Stenstrom's praecipe to reschedule,[7] Motion, and any related

---

[6] "When asked by the [trial court] if he planned to attend, Stenstrom replied, 'Your Honor, I plan to be here . . . and every day afterwards, and I am not going away, neither is [] Marietta." Trial Ct. Op. at 5-6 (citing Motions Ct. Tr., 9/21/23, at 11).

[7] The trial court reasoned that no proper grounds for a continuance were alleged. *See* Trial Ct. Op., 9/26/23, at 1-2. It also noted that a *motion* for continuance has to be presented to the trial court after notice to all parties as set forth in Fayette County's local rules of court, citing Fayette County Rule of Civil Procedure 208.3(a). *See id.* Further, the trial court observed that Marietta and Stenstrom filed a *praecipe*, and there is no legal authority that allows a continuance of a court proceeding via praecipe. *See id.*

amended motions/praecipes to amend.[8]  The trial court reasoned that Marietta and Stenstrom had many opportunities to effectuate service from the first time they presented their Motion on September 13, 2023, to the second time they presented it on September 21, 2023, and before the hearing on September 26, 2023.  *See* Trial Ct. Op., 9/26/23.  Marietta and Stenstrom had not perfected service as of the September 26, 2023 hearing, where they failed to appear or present any evidence for their Motion.  *See id.*  Additionally, the trial court's order struck Stenstrom for lack of standing, because Stenstrom does not reside in the county nor is he registered to vote therein.[9]  Lastly, the trial court's order allowed the underlying action in tort to proceed with Marietta, directed that Appellees were under no obligation to file responsive pleadings until original service was properly effectuated, and allowed for the possibility of an interlocutory appeal upon an appropriate motion.  *See* Trial Ct. Order, 9/26/23.  No such motion was ever filed.  On September 28, 2023, Appellees

---

[8] This includes the following: (1) "Praecipe to Correct 1531 Injunction," which states that the Motion inadvertently contained "in his/her personal capacity" designations in the header; (2) "Praecipe Re Amended 1531 Injunction," which states that their request for injunctive relief does not require a hearing or Appellees' presence before the trial court, but in the same turn states that Appellees' presence is "critical to the fair and just hearing."  Additionally, this filing gives examples of evidence that Marietta and Stenstrom might object to; and (3) "Amended Rule 1531 Motion for Injunctive Relief" that refers back to the Motion requesting the same proposed order be used, listing "rules" of "forensic audits," and suggesting that the proposed order is in the best interest of the public and the only fair and reasonable remedy "to get to the truth of" Fayette County elections.  *See* Praecipe to Correct 1531 Injunction, 9/7/23; Praecipe Re Am. 1531 Injunction, 9/12/23; Am. Rule 1531 Mot. for Injunctive Relief, 9/12/23.

[9] Stenstrom was also stricken as a party in the related election matters filed in Fayette County on appeal before this Court for similar reasons.  *See Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 337 C.D. 2024), Order to Strike Improper Party, 1/11/24; *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 338 C.D. 2024), Order to Strike Improper Party, 1/11/24.

filed preliminary objections pursuant to Pa.R.Civ.P. 1028(a)(1), (2), (4), (6), and (7).[10]

Meanwhile, on October 24, 2023, Marietta, Stenstrom, and Gallo[11] filed a Motion for Reconsideration of Stenstrom's dismissal and a Motion for Change of Venue. The trial court denied both motions. *See* Trial Ct. Order, 11/4/23.[12] In denying the reconsideration motion, the trial court reiterated that Stenstrom neither resides in Fayette County nor is registered to vote there, and was not on the ballot affected by the county's primary election. *See* Trial Ct. Op., 11/14/23, at 4-6. The trial court further explained that, although Stenstrom styled himself as an "authorized representative" of Marietta, he cited no legal authority permitting a non-lawyer to represent another party in litigation. Even if Stenstrom could act as Marietta's representative, the trial court observed, such status would not confer standing upon Stenstrom himself.

---

[10] Rule 1028(a) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds:

> (1) lack of jurisdiction of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;

> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
> . . . .
> (4) legal insufficiency of a pleading (demurrer);
> . . . .
> (6) pendency of a prior action or agreement for alternative dispute resolution;
> . . . .
> (7) failure to exercise or exhaust a statutory remedy;"

Pa.R.Civ.P. 1028(a)(1), (2), (4), (6), (7).

[11] Gallo seemingly appears in the caption as a plaintiff in these matters, but there is no evidence in the record that he was ever properly added as a party.

[12] The trial court's opinion and order were entered November 13, 2023, but filed November 14, 2023.

5

Regarding the change of venue motion, the trial court found that it failed to articulate any grounds justifying a change of venue. *See id.* at 6-8. Lastly, the trial court noted for the record that Marietta still had not complied with the service requirements for the Complaint.

Then, on March 22, 2024, the trial court sustained Appellees preliminary objections, highlighting procedural and substantive errors. First, Marietta failed to comply with several trial court orders directing him to effectuate service of the Complaint. Second, the Complaint alleged that Appellees failed to perform their official duties by not administering Fayette County elections in accordance with state and federal election law, repeatedly invoking Section 303 of the Code, 25 P.S. § 2643, as the basis for relief.[13] However, the trial court noted that this section creates no cause of action, "in tort or otherwise." Trial Ct. Op., 3/22/24, at 14 n.12. Third, Marietta could not reframe an election challenge as a tort claim in an attempt to invalidate the election results, as the Code provides exclusive statutory procedures for such challenges. Finally, the trial court further found that Marietta "failed to plead any cognizable legal theory" supporting a tort claim under these circumstances and offered no authority suggesting that the Code is not a

---

[13] Section 303 of the Code provides:

(a) All actions of a county board shall be decided by a majority vote of all the members, except as may be otherwise provided herein.

(b) Each county board may appoint a chief clerk, who shall have authority to administer oaths and to sign vouchers, and such other employes and assistants as, from time to time, the board may deem necessary to carry out the provisions of this act. The county board may appoint the chief clerk and other employes of the county commissioners to act as such for the county board of elections without any additionally compensation as such.

25 P.S. § 2643.

6

comprehensive and exclusive remedy. Trial Ct. Op., at 15-16. Accordingly, the trial court dismissed the Complaint with prejudice.

Marietta, Stenstrom, and Gallo timely appealed to this Court.[14] On March 26, 2024, the trial court ordered a concise statement of errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b)) to be filed within 21 days. Marietta, Stenstrom, and Gallo timely filed a single statement.[15] The trial court issued an opinion, observing that the Rule 1925(b) statement "bears no relation to the record or decisions" in this case, but appears instead to replicate the same statement filed in the two related matters,[16] addressing only the issues raised therein, without reference to the issues presented here. Trial Ct. Rule 1925(a) Op. at 2. Next, the trial court has suggested that a finding of waiver by this Court may be appropriate, as the 58-paragraph statement mirrors the type of excessive filing condemned in *Jiricko v. Geico Insurance Company*, 947 A.2d 206, 214 (Pa. Super. 2008), as a "deliberate attempt to circumvent the meaning and purpose of Rule 1925(b)." The trial court also noted that Gallo was never a party to the underlying litigation and advertently added to the captions of two motions filed in the trial court without seeking or receiving leave of court. Additionally, Stenstrom was dismissed from the case for lack of standing but has neither challenged his removal in this

---

[14] We note that the signatures of Appellants look to be digitally copied signatures. *See* Notice of Appeal, 3/25/24. The trial court in the related matters recounts several instances of suspected digitally copied signatures. *See Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 337 C.D. 2024), Trial Ct. Op., 3/22/24; *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 338 C.D. 2024), Trial Ct. Op., 3/22/24. The verification and certificate of service in this matter contain only typed names purporting to serve as signatures. *See* Notice of Appeal, 3/25/24.

[15] Again, we note that the signatures of Appellants look akin to the digitally copied signatures referenced previously. The verification and certificate of service contain only typed names purporting to serve as signatures. *See* Rule 1925(b) Statement, 4/15/24.

[16] *See Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 337 C.D. 2024); *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 338 C.D. 2024).

appeal nor sought interlocutory review of that decision. Lastly, the trial court acknowledged Marietta and Stenstrom's concerns about mail-in ballots or the chain of custody of paper ballots but stressed the importance of lawfully raising those concerns before the courts, following proper procedures, and not making baseless allegations and using the courtroom as a "stage prop."[17]

In response to the trial court's opinion, this Court directed the parties to address whether "Appellants preserved any issues on appeal in light of their apparent failure to properly raise any issues in their [Rule] 1925(b) Statement." *See* Cmwlth. Ct. Order, 6/7/24. This Court further directed Marietta, Stenstrom, and Gallo to file their appellate briefs and reproduced records and effectuate service no later than February 20, 2025, or the notice of appeal would be dismissed as of course. *See* Cmwlth. Ct. Order, 2/10/25. Neither Marietta, Stenstrom, nor Gallo filed a reproduced record. Stenstrom *pro se* filed an appellate brief belatedly on February 27, 2025. Marietta and Gallo never complied with our briefing instructions, and we dismissed them from this appeal. *See* Cmwlth. Ct. Order, 7/30/25.

## II. DISCUSSION[18]

Initially, we address the adequacy of Stenstrom's Rule 1925(b) statement. A Rule 1925(b) statement must "set forth only those errors that appellant intends to assert," and must "concisely identify each error . . . with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(i), (ii); *see also* Pa.R.A.P. 1924(b)(4)(iv); *Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa.

---

[17] The trial court recounts one specific allegation of Marietta and Stenstrom that "a statewide political figure flew in and personally removed all of the County's voting machines and ballots." Trial Ct. 1925(a) Op. at 3.

[18] Our review "is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Mojica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020) (quoting *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015)).

Super. 2016) (quoting *Jiricko*, 947 A.2d at 210).[19] Waiver is not warranted based solely on the number of issues raised, provided the appellant presents non-frivolous, concise, and non-repetitive claims. *See* Pa.R.A.P. 1925(b)(4)(iv).

When an appellant raises an "outrageous" number of issues, they "circumvent the meaning and purpose of Rule 1925(b)" and preclude appellate review. *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007), *aff'd*, 977 A.2d 1170 (Pa. 2009). In such cases, courts have held that the issues are waived. *See, e.g.*, *Brandywine Hosp., LLC v. Cnty. of Chester Bd. of Assessment Appeals*, 291 A.3d 467, 476 (Pa. Cmwlth.), *appeal denied*, 308 A.3d 779 (Pa. 2023) (finding waiver where appellant filed a 19-page statement raising 90 redundant issues and sub-issues); *Jiricko*, 947 A.2d at 210, 213 (holding that a five-page, "virtually incomprehensible" statement consisting of "an incoherent, confusing, redundant, [and] defamatory rant" warranted waiver); *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1042 (Pa. Super. 2018) (dismissing appeal where appellant's 53-page "defamatory rant against everything and everyone involved in this case" demonstrated "complete defiance toward the purpose of appellate review").

Here, our review of Stenstrom's 14-page, 58-paragraph Rule 1925(b) statement reveals numerous redundant, non-concise, and frivolous issues.[20] The statement reads more like a brief than a concise statement of errors, contrary to Rule 1925(b)(4)(iv). As a result, many issues that should constitute a single short paragraph are unnecessarily expanded and scattered across multiple paragraphs,

---

[19] We may cite to Superior Court cases for their persuasive value, particularly when they address analogous issues. *See Rickell v. Dep't of Transp., Bureau of Driver Licensing*, 289 A.3d 1155, 1160 n.10 (Pa. Cmwlth. 2023).

[20] We also note that Stenstrom's Rule 1925(b) statement is the same statement filed in the related cases. *See Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 337 C.D. 2024), Rule 1925(b) Statement; *Marietta, J. v. Fayette Cnty.* (Pa. Cmwlth., No. 338 C.D. 2024), Rule 1925(b) Statement.

further disregarding Rule 1925(b)(4)(v), which provides that the statement inherently includes all properly raised subsidiary issues.

Although a large number of issues alone generally does not mandate waiver, particularly where the stated issues are concise and non-repetitive, *see* Pa.R.A.P. 1925(b)(4)(iv), that is not the case here. Stenstrom's 58 paragraphs largely recite generalized grievances or abstract principles rather than discrete rulings by the trial court. *See generally* Stenstrom's Rule 1925(b) statement. For example, paragraph 8 asserts that "[t]he [trial court] erred by failing to recognize that [f]ree and fair elections are intertwined with civil rights protections. When fraud or error is suspected and transparency is blocked, the election can't be considered free and fair. Fair elections guarantee that votes are counted accurately." *Id.* at 3. Similarly, paragraph 11 claims error because the trial court did not "[rule] that if ballot boxes remain closed despite electors suspecting fraud or error . . . there is no guarantee that the votes were counted accurately." *Id.* These are representative of many paragraphs, *see also, e.g.*, Nos. 2-6, 12, 14, 15-18, 23, 26, 35, 47, 49-51, that do not identify appealable rulings but instead offer abstract or rhetorical assertions. Additionally, several paragraphs merely quote statutes or case law without identifying any corresponding trial court error. *See id.* at 3, 8-10, 13-14. Others criticize the trial court for dismissing the petition on a "technicality," describing the outcome as "badly reasoned," without offering meaningful support. *See id.* at Nos. 13, 15, 17-21, 24, 29. Moreover, the statement includes irrelevant commentary regarding the rights of *pro se* litigants. *See id.* at 14. Most importantly, Stenstrom filed the same Rule 1925(b) statement in this case as his two related cases, which involves an entirely different complaint. We admonish Stenstrom that this overly long and redundant statement, which lacks any clear assignments of error, and is

10

unrelated to the litigation, constitutes waiver for failure to comply with Rule 1925(b)'s requirements. *See* Pa.R.A.P. 1924(b); *Brandywine Hosp., LLC*, 291 A.3d at 476; *Jiricko*, 947 A.2d at 210, 213.

Nevertheless, we discern further and ultimately fatal defects. Any issues not raised in a timely filed statement are deemed waived on appeal. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (establishing this bright line rule); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Even issues addressed by the trial court are waived on appeal if they are not raised in a court-ordered statement. *Commonwealth v. Castillo*, 888 A.2d 755, 780 (Pa. 2005). Additionally, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009); *see also* Pa.R.A.P. 2119(a). "*Pro se* [litigants] are subject to the same rules of procedure as are represented [litigants]." *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (citing *Commonwealth v. Williams*, 896 A.2d 523, 534 (Pa. Cmwlth. 2006)). "Although courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." *Blakeney*, 108 A.3d at 766.

Upon considering Appellees' motion, the trial court dismissed Stenstrom from this case, concluding that he lacked standing because he was neither eligible nor registered to vote in Fayette County and because he was unable to provide any other basis for independent standing. *See* Trial Ct. Op. at 6. Therefore,

11

on appeal, the only relevant issue Stenstrom may assert is whether the trial court erred in dismissing him. *See, e.g.*, *City of Phila. v. Leverett*, 324 A.3d 703, 710 (Pa. Cmwlth. 2024) (making a distinction between "a litigant's sufficient interest in appealing an adverse decision from the lack of sufficient interest in commencing the litigation," and concluding that the litigant was aggrieved by the underlying decision that the litigant lacked standing). However, in this case, Stenstrom has failed to preserve any issue related to his dismissal by the trial court. Although Stenstrom attempts to assert that his dismissal was improper in his appellate brief,[21] his 58-paragraph Rule 1925(b) statement lacks any statement, issue, or argument concerning or related to his dismissal from this case. *See generally* Stenstrom's Rule 1925(b) Statement. Additionally, the trial court gave Stenstrom the opportunity to appeal his dismissal, and he failed to take action. *See* Trial Ct. Order, 9/26/23. As a result, we are constrained to deem this issue as waived.[22]

---

[21] Stenstrom states that his procedural due process rights were violated because he was improperly removed "without due process, despite documented authorization as an election representative." Stenstrom's Br. at 3-4. Additionally, Stenstrom argues that "an oral motion to strike" is "a legally improper maneuver that deprived Stenstrom of procedural protections." *Id.*

[22] In any event, we note that Stenstrom's argument lacks merit. First, Stenstrom characterizes himself as an "authorized representative" of Marietta, referencing the Code generally. *See* Stenstrom's Br. at 2-3. Under the Code, candidates may designate authorized representatives to observe pre-canvass and canvass meetings where mail-in and absentee ballots are processed, as well as to attend recounts on their behalf. *See* Section 1701(c) of the Code, 25 P.S. § 3621; Pa. Dep't of State, Guidance Concerning Poll Watchers and Authorized Representatives, No. 4 Authorized Representatives at the Pre-Canvass and Canvass (Sept. 22, 2025, Version 2:2), available at https://perma.cc/7UL6-NNTE (last visited Dec. 31, 2025). However, nothing in the Code or related guidance suggests that an authorized representative has any special legal status permitting them to appear in court, file pleadings, or advance legal arguments on a candidate's behalf. Thus, whether Stenstrom qualifies as Marietta's authorized representative is immaterial. There is no support for Stenstrom's suggestion that being an authorized representative confers any special status in a court of law. Second, Stenstrom offers no support for his bald assertion that "an oral motion to strike" is "a legally improper maneuver." Stenstrom's Br. at 4. Appellees made the motion to strike at a scheduled hearing that Stenstrom did not attend. The trial court thoroughly

### III. CONCLUSION

For all these reasons, we dismiss Stenstrom's appeal with prejudice. *Lord*, 719 A.2d at 309; *Johnson*, 985 A.2d at 924; *Brandywine Hosp., LLC*, 291 A.3d at 476; Pa.R.A.P. 1925(b)(4); Pa.R.A.P. 2119(a).

_____

**LORI A. DUMAS, Judge**

Judge McCullough did not participate in this decision.

---

explained its reasoning for striking Stenstrom and suggested that it would grant an interlocutory appeal if Stenstrom wished to challenge his dismissal. *See* Trial Ct. Order, 9/26/23. Thus, even if Stenstrom's standing argument had not been waived, *see Lord*, 719 A.2d at 309; *Castillo*, 888 A.2d at 780, it would nevertheless fail on the merits.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jon R. Marietta, Jr., former         :
candidate for County Commissioner   :
                                   :   No. 336 C.D. 2024
                 v.                  :
                                   :
Fayette County, Pa. Board of Elections,  :
Mark Rowman, Robert J. Lesnick,     :
John A. Kopas, II, and Sheryl Heid    :
                                   :
Appeal of: Jon R. Marietta, Jr.,     :
Geno Gallo, and Gregory Stenstrom  :

## O R D E R

AND NOW, this 31st day of December, 2025, the appeal of Gregory Stenstrom from the order issued by the Court of Common Pleas of Fayette County on March 22, 2024, is DISMISSED with prejudice.[1]

                                                 **LORI A. DUMAS, Judge**

---

[1] Appellants Jon R. Marietta, Jr., and Geno Gallo were dismissed by this Court. *See* Order, 7/30/25.